White, J.
The plaintiffs in error, defendants below, derive their title as directors of Longview Asylum by appointment under section 2 of the act of April, 5, 1878, providing *61 for the reorganization, government and better regulation of that institution. 75 O. L. 93.
The section is as follows:
“ The directors of said asylum shall be residents of Hamilton county, and shall be appointed as follows: two ,by the governor, upon the approval of the senate, one for the term of one year, and the other for the term of two years, and one by the judges of the court of common pleas of Hamilton county, for the term of three years, and one by the judge of the probate court of Hamilton county for the term of four years, and one by the commissioners of Hamilton county for the term of five years: provided, that after the above named terms shall expire, their successors shall be appointed by the authorities hereinbefore mentioned, and they shall hold their offices for the term of five years, and until their successors are elected and qualified.” ...
The title of the plaintiffs in error was adjudged invalid in the court below on the ground that the above section of the. statute was in conflict with section 2, article 7, of the constitution. The provision of the constitution is as follows :
“ Sec. 2. The directors of the penitentiary shall be appointed, or elected in such manner as the general assembly may direct ; and the trustees of the betievolent and other state institutions, now elected by the general assembly, and of such other state institutions as may be hereafter created, shall be appointed by the governor, by and with the advice and consent of the senate.” . . .
At the time of the adoption of the constitution the state had established and owned an asylum for the insane, and institutions for the education of the deaf and dumb, and of the blind of the state. The directors or trustees of these institutions were then elected by the general assembly. This power was withdrawn, by the constitution, from the general assembly and vested in the governor, with a like power in regard to such other state institutions as might be thereafter created.
The constitutional provision evidently refers to institutions belonging to and owned by the state, and not to such as might *62 belong to particular municipalities or counties, though established under the legislative authority of the state.
Under acts of the general assembly, Longview Asylum was founded by Hamilton county, from funds raised by local taxation on the property in that county; and all the property belonging to the institution is admittedly owned by the county.
The grounds upon which it is claimed to be a state institution are that the state has contributed to its support; that it is governed by the laws of the state; and, moreover, that it is made the duty of the state, by the constitution, to foster and support institutions for the benefit of the insane, blind, deaf and dumb.
While it is true this duty is imposed on the state, yet, it is left to the wisdom of the general assembly to determine the character of the institutions through which the benefit is to be conferred.
There is no constitutional inhibition against authorizing a county, or the municipalities of the state establishing such institutions. All institutions for these purposes are not required to be state institutions ; but when state institutions are created for the purpose, the constitution requires the trustees to be appointed in the mode therein provided.
The provision has no application to institutions for these purposes founded by individuals, or particular localities, under authority granted for the purpose. Nor do such institutions become state institutions from the fact that they are subject to legislative government and control. All institutions and corporations created for public purposes are subject to be thus governed.
Nor is the character of the institution affected by the fact that the legislature has contributed to its support. The institution was created to administer in a particular county a public charity, which the state is enjoined to foster, and there is no inhibition against the general assembly giving it such aid as it may deem just. '
The ease of the State ex rel. v. Oglevee, Auditor (36 Ohio St. 211), is relied upon in support of the judgment. The question in that case was,whether an appropriation for Longview Asylum, *63 in the act of April 15, 1880, required for its validity the vote of two-thirds of the members of each branch of the general assembly. It was claimed on behalf of the defendant that the appropriation was the payment of a claim, on behalf of Hamilton county, within the meaning of sec. 29, art. 2, of the constitution. This was held not to be the case, and the appropriation not coming within that provision of the constitution no objection existed to its validity. It was said that the object of the appropriation was the support of a public institution which the constitution enjoins upon the general assembly. All that was meant by this was that Longview Asylum, being for the benefit of the insane, was one of the institutions which it was the duty of the general assembly to foster and support. That the institution was a public one was not questioned. Whether it belonged to the county or the state was not considered ; nor was it material to the point decided.
Judgment reversed, the demurrers to the answers overruled, and judgment will be entered for the plaintiffs in error.